**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This Document Relates to:**<br>*Torrez et al. v. United States et al.*,<br>No. 2:25-cv-13846-RMG |

**STATE OF NEW MEXICO'S OPPOSITION TO
UNITED STATES' MOTION TO EXTEND RESPONSE DEADLINE**

Plaintiffs the State of New Mexico, *ex rel.* Raúl Torrez, Attorney General, and the New Mexico Environment Department (collectively "the State"), hereby oppose Defendants the United States of America and the United States Department of the Air Force's ("Air Force") (collectively, "the United States") Motion to Extend Response Deadline, Dkt No. 8817 ("Motion to Extend"), which seeks a second extension of time for the United States to file its response to New Mexico's Motion to Remand to State Court or, in the Alternative, Suggestion of Remand to Transferor Court, Dkt. No. 8699 ("Motion to Remand").

As the Court is aware, the State already consented to a one-week extension for the United States' response to the Motion to Remand. *See* Dkt. No. 8796. While the United States originally sought three weeks, the parties compromised on one week. *Id.* at ¶ 5. In its current Motion to Extend, the United States argues that good cause exists to further extend the deadline because a lapse in appropriations "prohibited the employees of the Department of War from communicating with their defense team, thus exacerbating the already tight timeframe for interagency coordination

1

and review." Motion to Extend ¶ 9.[1] However, negotiations over the previous request occurred only a few days before the lapse in appropriations for the Department of War, and thus any resulting delays were foreseeable at the time. Nevertheless, the United States represented at the time that a one-week extension would be sufficient

The resulting three weeks is more than sufficient for the United States to prepare a response to the State's Motion to Remand. The United States Department of Justice (which was unaffected by the lapse in appropriations) is the largest law office in the world, the legal offices for the Air Force are also comprised of thousands of attorneys. The lapse in appropriations lasted a mere four days, two of those days fell on a weekend, and the lapse ended three days before the United States' response was even due. Moreover, the United States has been on notice that the State would be seeking remand of this case to state court for over six months.[2] Finally, many of the issues presented by the State's Motion to Remand have already been briefed by the parties in other forums.[3]

---

[1] Contrary to the United States' assertion, it appears from the Department of War's own guidance document that "[l]itigation activities associated with imminent or ongoing legal action" were excepted from the shutdown. *Contingency Plan Guidance for Continuation of Operations in the Absence of Available Appropriations* at 14, U.S. Department of War (January 2026), https://media.defense.gov/2026/Feb/02/2003870046/-1/-1/1/UPDATED-CONTINGENCY-PLAN-GUIDANCE-FOR-CONTINUATION-OF-OPERATIONS-IN-THE-ABSENCE-OF-APPROPRIATIONS-JANUARY-2026.PDF.

[2] *See* Pls.' Opp. to Defs.' Mot. to Hold in Abeyance Pending Transfer to Multidistrict Litigation Case # 2873 at 5, *Torrez et al. v. United States et al.*, No. 1:25-cv-00690-GBW-LF (D.N.M., filed July 30, 2025), Dkt. No. 10 ("[T]he State intends to seek a remand of this action to State court as soon as possible.").

[3] Issues surrounding abstention were briefed before both the District Court for the District of New Mexico as well as the United States Court of Appeals for the Tenth Circuit, in a case that involves the very same permit this case seeks to enforce. *See United States v. New Mexico Env't Dep't*, No. 2:19-cv-46-RB-SMV (D.N.M.); *United States v. New Mexico Env't Dep't*, No. 22-2132 (10 Cir.). Likewise, some of the issues surrounding the remand of this case to the transferor court were briefed before the Judicial Panel on Multidistrict Litigation.

If allowed to, the United States will drag out litigation in this MDL for as long as possible. This case, filed in June 2025, has already been delayed by over seven months due to the United States' actions to remove and transfer this case (to a court which has already held that it lacks subject matter jurisdiction over the claims, Motion to Remand at 11). Now, the United States seeks to compound that prejudice by delaying the State's Motion to Remand. These delay tactics are not unique to this case; they can be observed in nearly every action in this MDL in which the United States is a defendant.[4]

Extensions should be the exception, not the rule. But here, it has become the United States' default position, with extensions sought for nearly every deadline. Indeed, the United States seems to spend more time trying to delay these cases than it does actually litigating them—an inefficient use of the parties' and Court's time and resources. The Court should deny the United States' Motion.

Dated: February 6, 2026        Respectfully submitted,

**RAÚL TORREZ, ATTORNEY GENERAL FOR THE STATE OF NEW MEXICO**

**NEW MEXICO DEPARTMENT OF JUSTICE**

/s/   William G. Grantham
William G. Grantham
Assistant Attorney General

---

[4] *See, e.g.*, United States' Motion to Hold in Abeyance CERCLA Cost Recovery and Contribution Claims, Dkt. No. 7987; First, Second, Third, and Fourth Consent Motions to Extend Response Deadlines, Dkt. Nos. 7477, 7730, 7979, and 8429 (consent motions to extend the deadline to respond to the State's Motion for Partial Summary Judgment to Establish CERCLA Liability, which were predicated on an agreement to mediate only for the United States to later walk away from mediation and then concede liability); Joint Stipulation as to Case Management Order No. 25D ¶ 3 (extension of written discovery window necessitated by the United States' inability to meet certain discovery deadlines), Dkt. No. 8799.

wgrantham@nmdoj.gov
Esther C. Jamison
Assistant Attorney General
ejamison@nmdoj.gov
408 Galisteo St.
Santa Fe, NM 87501
Phone: (505) 717-3520

*Counsel for the State of New Mexico and the New Mexico Environment Department*

**NEW MEXICO ENVIRONMENT DEPARTMENT**

/s/ Zachary Ogaz
Zachary Ogaz
General Counsel
zachary.ogaz@env.nm.gov
Gregory S. Smithkier
Assistant General Counsel
gregory.smithkier@env.nm.gov
New Mexico Environment Department
121 Tijeras Ave. NE
Albuquerque, NM 87102
Phone: (505) 222-9554
Fax: (505) 383-2064

*Counsel for the New Mexico Environment Department*

**KANNER & WHITELEY, LLC**

*/s/ Allan Kanner*
Allan Kanner
a.kanner@kanner-law.com
David Ivy-Taylor
d.ivy-taylor@kanner-law.com
Annemieke Tennis
a.tennis@kanner-law.com
701 Camp Street
New Orleans, LA 70130
Phone: (504) 524-5777

*Counsel for the State of New Mexico and the New Mexico Environment Department*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing and attached documents were electronically filed with the Court's CM/ECF system on February 6, 2026, and were thus simultaneously served upon counsel of record.

*/s/ David Ivy-Taylor*
David Ivy-Taylor
701 Camp Street
New Orleans, LA 70130
Phone: (504) 524-5777
